# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>**Plaintiff**<br>v.<br>**JOSE ALEJANDRO HERNANDEZ,**<br>**Defendant** | CASE NO. 1:17-CR-0264 AWI SKO<br><br>ORDER ON MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. Nos. 230, 235) |

On April 20, 2020, Defendant Jose Hernandez filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 203. Defendant is currently housed at the FCI Lompoc federal prison. Based on his age, hypertension, and the Covid 19 pandemic, Defendant seeks compassionate release in the form of serving the remainder of his sentence in home confinement. See id. The United States has filed an opposition, and Defendant has filed two replies.

*Background*

On August 22, 2019, Defendant pled guilty pursuant to a plea agreement to one count of 18 U.S.C. § 841, possession with intent to distribute 500 grams or more of cocaine. See Doc. No. 149, 160.

On January 21, 2020, Defendant was sentenced to 9 months imprisonment and 24 months of supervised released. See Doc. Nos. 217, 224. Defendant surrendered to BOP on March 21, 2020, and has a projected release date of December 7, 2020.

*Defendant's Argument*

Defendant argues that he has high blood pressure and has been prescribed a maximum dose of blood pressure medication. Further, he is 49 years old. At the time of filing this motion in April 2020, the Lompoc prison had 69 inmates and 32 staff infected with Covid 19. As of May 11, 2020, Lompoc reported that 891 inmates were infected with Covid 19, which is over 70% of the inmate population. Hernandez argues that the conditions at Lompoc, and particularly the spike of reported inmate cases Covid 19, combined with his age and hypertension, create extraordinary circumstances that justify compassionate release to home confinement. Further, a review of the relevant 18 U.S.C. § 3553 factors weigh in favor of a release to home confinement. Finally, Defendant argues that exhaustion is futile because he is a high risk prisoner who only has 7 more months in BOP custody.

*Government's Opposition*

The United States argues that there is no evidence that Defendant has exhausted any of administrative remedies as required by § 3582(c)(1)(A). The United States also argues that the BOP is making changes and following new procedures to prevent and deal with Covid 19 among the staff and inmate populations. As of April 28, 2020, there were 20 inmates and 12 staff who had Covid 19. Further, neither Defendant's age nor high blood pressure place him at high risk for Covid 19 complications. Therefore, the conditions at Lompoc and Defendant's particular characteristics do not constitute extraordinary circumstances. Finally, the § 3553 factors do not weigh in favor of a compassionate release to home detention.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). In relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>   (1) in any case—
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

> such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).  Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," the defendant must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond."  Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

*Discussion*

After review, the Court will deny the motion for two reasons.

First, the Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19.  Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court."  Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019).  Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived.  E.g. United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020)

(Mueller, C.J.).  The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure.  See Gallo Cattle, 159 F.3d at 1197; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.  It is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).  See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10.

Here, Defendant argues that exhaustion is futile, which the Court takes as a representation that he has not sent a request for compassionate release to the Warden of Lompoc.  Because Defendant has not requested compassionate release from the Warden, he has not met the § 3582(c)(1)(A) exhaustion requirements.  See Raia, 954 F.3d at 595.  Without an adequate showing of exhaustion, the Court must deny this motion for want of jurisdiction.  See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10-*11.

Second, and in the alternative, even if the Court were to conclude that Defendant met his burden of demonstrating exhaustion and jurisdiction, the Court would not find that he has demonstrated extraordinary and compelling reasons for compassionate release.  Individuals with hypertension "might be" at an increased risk of server infection from Covid 19.  See www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  Defendant's hypertension does not *per se* put him at an increased risk.  Further, the CDC explains that as one ages, the risk of severe illness from Covid 19 increases.  See hwww.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html.  For example, individuals in their 50's are more at risk than individuals in their 40's, and individuals in their 60's or 70's are at a greater risk than those in their 50's.  See id.  It appears that individuals who are 65 or older (particularly those who are over 85) are at the greatest risk for severe illness from Covid 19.  See id.  As of the date of this order, Defendant is 49, well below the key at risk age group.  See id.  Additionally, while the Lompoc federal prison was one of the most infamous hotspots in the Country for Covid 19 infections, that is no longer the case.  As of the date of this order, FCI Lompoc has 0 inmates and 2 staff who are infected with Covid 19.  See www.bop.gov/coronavirus/

#:~:text=COVID%2D19%20Cases,14%2C067%20in%20community%2Dbased %20facilities. &text=Currently%2C%2010%2C251%20inmates%20and%20870,attributed%20to%20COVID%2 D19%20disease.  This is not a large outbreak by any measure.  Courts now recognize that Lompoc prison has made changes and implemented sufficient protocols that the prison is now able to adequately respond, monitor, and care for its inmates in relation to Covid 19.  See United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *17 (E.D. Cal. Aug. 17, 2020) (and cases cited therein). Because of the small number of Covid 19 cases at FCI Lompoc, the changes that prison has made, and the Defendant's status as one who "might be" at a heightened risk because of hypertension, Defendant has failed to demonstrate extraordinary and compelling circumstances that would justify compassionate release.  See Raia, 954 F.3d at 597.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. Nos. 230, 235) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 1, 2020                   _____
                                             SENIOR  DISTRICT  JUDGE